**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-19-289** |
| | * | |
| **ARINZE MICHAEL OZOR,** | * | |
| **Defendant.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Defendant Arinze Michael Ozor is currently detained at the Central Treatment Facility ("CTF") pending sentencing after he pleaded guilty to false use of a passport. Pending before the Court is Mr. Ozor's Emergency Motion for Release to Home Confinement Prior to Sentencing. ECF No. 59. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Ozor's Emergency Motion for Release to Home Confinement Prior to Sentencing is denied.

**I.    BACKGROUND**

On May 24, 2019, a Criminal Complaint was filed charging Mr. Ozor with forgery or false use of passport and false statements to a bank. ECF No. 1. A grand jury for the District of Maryland later returned an Indictment charging Mr. Ozor with two counts of forgery or false use of passport, in violation of 18 U.S.C. § 1543 (Counts One and Three), and two counts of false statement to a bank, in violation of 18 U.S.C. § 1014 (Counts Two and Four). ECF No. 15. His offenses involved the use of false passports from two separate countries to open several different bank accounts. ECF No. 54-1.

On June 5, 2019, after a detention hearing, United States Magistrate Judge Gina L. Simms ordered Mr. Ozor detained pending trial. ECF Nos. 10, 11. Judge Simms concluded that Mr. Ozor was a flight risk and that no condition or combination of conditions of release would reasonably assure his appearance as required. ECF No. 11. Judge Simms based her ruling on findings that the weight of evidence against Mr. Ozor was strong; he lacked stable employment and financially responsible sureties; he lacked significant community or family ties to this district and had significant family or other ties outside of the United States; his offense included the use of aliases or false documents; and his background information was unknown or unverified. ECF No. 11. Mr. Ozor appealed the Order of Detention to this Court. ECF No. 11. The Court held a detention hearing on August 1, 2019, at which it affirmed the Order of Detention. ECF No. 28.

On January 3, 2020, pursuant to a plea agreement, Mr. Ozor pleaded guilty to Count One - false use of a passport. ECF Nos. 53, 54. His sentencing hearing is currently scheduled for May 7, 2020.[1] ECF No. 56.

On March 23, 2020, Mr. Ozor filed the pending Emergency Motion for Release to Home Confinement Prior to Sentencing, citing the COVID-19 pandemic. ECF No. 59. The Government filed a response on March 24, 2020, ECF No. 60, and Mr. Ozor filed a reply on April 3, 2020, ECF No. 62.

---

[1] The Chief Judge has issued Standing Order 2020-05, which addresses the District of Maryland's response to the current COVID-19 pandemic, for which the Governor of the State of Maryland has declared a state of emergency and the Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of the disease. The Standing Order postpones all court proceedings originally scheduled to take place before April 24, 2020 until further Order of the Court. No orders have yet been issued with regard to proceedings, like Mr. Ozor's sentencing, that are scheduled to take place after April 24, 2020.

## II. DISCUSSION

Mr. Ozor asks the Court to release him to home confinement pending sentencing given the danger posed by the COVID-19 pandemic to individuals who are incarcerated and provides information regarding the nature of the pandemic at CTF, where he is detained. ECF Nos. 59, 62. He explains that the Presentence Investigation Report calculates the Sentencing Guidelines range as 21 to 27 months, with a recommendation of 21 months' imprisonment, and that if he were to receive a 21 month sentence, he would likely be eligible for release to home confinement shortly after sentencing based on the application of good time and other potentially available credits pursuant to the First Step Act. He also states that he resides with his family in Bowie, Maryland and has no criminal history. ECF No. 59.

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic." *United States v. Martin*, No. PWG-19-140-14, ECF No. 209 at 4 (D. Md. Mar. 17, 2020). Virtually every sector of public life has been affected, *see United States v. Williams*, No. PWG-13-544, ECF No. 94 at 3 (D. Md. Mar. 24, 2020), and this is a rapidly evolving event about which the Court is continually learning as much information as possible, *see United States v. Gibson-Bey*, No. RDB-19-563, ECF No. 26 at 3 (D. Md. Mar. 31, 2020). A variety of sources have provided the Court with relevant information, some of which has been conflicting, but the Court has done its best "to get the most accurate picture of conditions 'on the ground,' often consulting with multiple sources, multiple times per day." *Id.*

The Court does not take lightly the seriousness of the pandemic nor does it dispute that it poses a serious risk to the general public, but the Court is still guided by the Bail Reform Act, 18 U.S.C. § 3143, in determining whether to release an individual who has been found guilty of an offense and is awaiting sentencing. Section 3143(a)(1) provides that a person awaiting

sentencing "shall" be detained unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* §§ 3143(a)(1), (2)(B). The Court considers a variety of factors in determining whether a defendant poses a danger to the community, including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence … or involves a … controlled substance [or] firearm"; "the weight of the evidence against the person"; "the history and characteristics of the person …"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

Here, Mr. Ozor has not met his burden under § 3143. First, although his personal health is certainly a relevant consideration, Mr. Ozor has not identified any non-COVID-19-related factors that have changed since this Court initially ordered detention in 2019. And, indeed, now that Mr. Ozor has pleaded guilty to false use of a passport, there is a presumption in favor of detention, which did not exist when he was first ordered detained. *See* 18 U.S.C. § 3143(a)(1). This is also a serious crime for which Mr. Ozor faces a maximum term of imprisonment of ten years and the Sentencing Guidelines recommend a term of imprisonment of 21 to 27 months.

Moreover, given the nature of his crime, Mr. Ozor poses a serious flight risk and he has not attempted to address the myriad of concerns that led this Court to order his detention in 2019. At the time of his arrest, neither of the two fraudulent passports that Mr. Ozor used in furtherance of his crime had been located or discovered, despite a search executed at his residence, he had two Social Security numbers and two Alien Registration numbers linked to his name, and he has a demonstrated pattern of using false passports for unauthorized purposes. Moreover, Mr. Ozor, his wife, and his three children all have dual citizenship with other countries and maintain significant international ties, Mr. Ozor has regularly traveled to Nigeria

for business and other reasons, and he recently purchased property in Nigeria. He also withheld information and provided incorrect or incomplete information to Pretrial Services regarding his financial situation, current employment and work history, the individuals living in his home, and family he had in the area. Given these circumstances, the Court has serious concerns about Mr. Ozor's risk of flight were he to be released and his suggested third-party custodian would not sufficiently address those concerns.

It certainly should be noted that Mr. Ozor's health and the COVID-19 public health emergency are factors that this Court has considered in determining the appropriate resolution to this motion. And the Court certainly has concern for Mr. Ozor, and for all others both inside and outside of CTF, as we all grapple with COVID-19. Nonetheless, these concerns alone are insufficient to trigger the release of an individual who this Court has determined poses a flight risk, particularly because Mr. Ozor has not identified any medical condition that makes him particularly vulnerable to the virus and given proffers by the Government that the correctional and medical staff within DOC are implementing comprehensive precautionary and monitoring practices sufficient to protect detainees from exposure to the COVID-19 virus, *see Martin*, No. PWG-19-140-14, ECF No. 209 at 8, and, additionally, that they are equipped to handle Mr. Ozor's medical needs should any issues arise. After weighing these considerations, the Court concludes that Mr. Ozor must remain detained pending sentencing in this case.

### III. CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Mr. Ozor's Emergency Motion for Release to Home Confinement Prior to Sentencing, ECF No. 59, is **DENIED**.

Date: <u>April    6, 2020</u>                                    /s/_____
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge