**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STATE OF MARYLAND | : |
| vs. | :   Case No.   8:19-cr-00289-GJH |
| ARINZE MICHAEL OZOR | : |
| Defendant | : |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

### I.   INTRODUCTION

On January 3, 2020, Defendant appeared before this Honorable Court and entered a guilty plea to Count One of a four count Indictment pending against him, charging him with Forgery or False Use of a Passport in violation of 18 USC § 1543. The Court Ordered a Presentence Report and it has been submitted to the Court, Mr. Ozor, and the Government.

In this Memorandum, Mr. Ozor will argue that a slightly variant sentence of time served, followed by a period of supervised release is adequate and appropriate in this case to serve the sentencing purposes and factors set forth in 18 U.S.C. § 3553.

### II.   STATEMENT OF FACTS

Mr. Ozor has accepted full responsibility for his actions in falsely using two forged or altered passports for the purposes of opening bank accounts at BB &T and Bank of America. Furthermore, he admitted that his intention for opening the accounts was to use them as "drop accounts" as it related to a money laundering conspiracy in connection with a fraud scheme. Under the two identities, Mr. Ozor stipulated that the amounts involved exceeded $550,000 but did not exceed $1,500,000. The Offense Conduct paragraphs of the Presentence Investigation Report, ¶7-13 accurately set forth the facts of the case and Defendant has accepted full responsibility for that conduct.

### III. ARGUMENT

After consideration of the Plea Agreement, sentencing guidelines range, the four purposes of sentencing and the six factors contained in 18 U.S.C. § 3553(a), it is respectfully suggested that the Court should sentence Mr. Ozor to time served, which by the currently scheduled May 7, 2020, will amount to nearly 12 months of incarceration (Defendant has been detained since May 23, 2019).

#### A. THE SENTENCING GUIDELINE RANGE

The base offense level for this offense is a twenty-two (22), (USSG § 2S1.1(a)(2)), applying the mandated cross reference from USSG §2L2.2 (c)(1)(A)(in this case raising the base offense level from 8 to 22), three (3) points are subtracted under USSG § 2X1.1 (b)(1)&(2) because all of the acts necessary for the successful completion of the substantive act of Money Laundering had not been completed., and an additional three (3) points are reduced for Defendants early acceptance of responsibility. The final total offense level is 16. That offense level was both stipulated by the parties and became the finding of United States Probation at ¶27 of the Presentence Investigation Report.

Mr. Ozor has no criminal history, placing him in Criminal History category I. The applicable Guideline Range in this case, therefore, has been correctly calculated to be 21-27 months, in Zone D of the Sentencing Table.

#### B. A SLIGHTLY VARIANT SENTENCE OF TIME SERVED WHICH TAKES INTO ACCOUNT THE NATURE AND CIRCUMSTANCE OF THE OFFENSE, THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT AND THE EXTREME CIRCUMSTANCES OF PRETRIAL CONFINEMENT WHICH HE ENDURED IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO COMPLY WITH THE APPLICABLE SENTENCING PURPOSES AND FACTORS PURSUANT TO 18 U.S.C. §3553(a)

Pursuant to 18 USC 3553(a), a slightly variant sentence of time served in this case is sufficient but not greater than necessary to comply with the applicable sentencing purposes and

factors. This sentence would adequately reflect the seriousness of Mr. Ozor's conduct and provide just punishment for his offense. The sentence would promote respect for the law and adequately deter Mr. Ozor's and others from engaging in this type of crime.

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant Pursuant to 18 U.S.C. §3553(a)(1)

a. *Nature and Circumstances of the Offense*

The nature and circumstances of this offense are as set forth in Section II above. Defendant used False and/or forged passports to open bank accounts which were used or going to be used as drop accounts in other fraud schemes. The investigation of Defendant appears to have been initiated in approximately January of 2018 when Agents began investigating suspicious account activity at a BB&T branch involving Kelvin Green regarding an account that was opened on January 5, 2018. That account was frozen and investigation soon revealed that Kelvin Green had used a false passport to open the account and that Kelvin Green was actually the Defendant. The investigation expanded and other accounts and an additional alias, Jacob Hessou was connected to the Defendant and in short order, all accounts were frozen. The amount of guideline losses involved exceeded $550,000 but did not exceed $1.5 million. The amount of actual loss and the concomitant Restitution amount has not yet been fully documented and calculated.

For his part, in July of 2018, after Defendant's accounts were frozen and long before he was arrested, he retained undersigned counsel to address the case at hand. On May 23, 2019, Defendant was arrested at Dulles Airport when he attempted to board a flight to Lagos, Nigeria with a round trip ticket scheduled to return on June 14, 2019. A criminal complaint was filed on May 24, 2018 and Defendant was indicted on June 12, 2019. Defendant was initially detained in the Eastern District of Virginia, waived his Detention hearing in that district and after some

delay, was presented in this District. He was detained by order of Judge Simms temporarily on June 3 and then on June 5, 2019. The Detention Order was affirmed on appeal to your honor August 1, 2019.

### b. *History and Characteristics of the Defendant*

Mr. Ozor is 37 years old, a husband and a father of three children, ages 7, 5 & 2. He is a naturalized United States citizen since January of 2015, having resided in the U.S. since 2008. He is originally from Borno State, Nigeria. He has been married to Mary Kargbo since 2011. She is a registered nurse. They purchased a home together in Bowie, Maryland where they have resided since 2017. Prior to that, they lived in a rented apartment in Hyattsville, Maryland. Mr. Ozor has no prior criminal or traffic history.

Defendant completed his High School education in Nigeria and attended Montgomery College in Takoma Park from 2010-2016 taking classes in English, Reading/Writing skills, Algebra and Computer skills. He earned 42 credits with a 2.6 gpa. He also obtained a Home Health Aide and Certified Nursing Assistant Certificate and was working with his wife and for JD Nursing Staffing and Alliance Staffing in Washington D.C.

Additional factors which the Defendant asks the Court to consider is the extreme stress and anxiety that Defendant has endured as a result of two separate serious health exposures he has encountered during his Pretrial Detention. First, in December, 2019, Defendant was exposed by a fellow inmate to Tuberculosis and had to be tested along with other inmates in his tier. Fortunately, he has thus far tested negative but the results took time to receive and anxiety abounded.

Secondly, Defendant has been at the epicenter of the COVID-19 outbreak at the Central Treatment Facility. He has resided in the tier next to tier D4B where, as of April 1, 2020, when

this Memorandum was drafted, 6 inmates had been moved to COVID quarantine. Overnight, on April 2, 2020, the first inmate from Defendant's tier developed a fever and was moved to COVID-19 quarantine. This particular inmate had become an acquaintance of the Defendant and he had actually referred the other inmate to undersigned counsel. They have had frequent contact. Although Defendant had not developed any illness as of April 2, 2020, he is deeply distressed and anxious about the possibility that he has been exposed.

Moreover, the Defendant's wife is a full-time registered nurse at Baltimore-Washington Medical Center in Glen Burnie, Maryland and works part time as and RN at Bridge Point Hospital in Washington D.C. In line with most health care providers, she has been working overtime since the pandemic crisis, having also take care of the couple's children who are out of school and day care, albeit with some family help. The Defendant's incarceration has greatly contributed to the overall anxiety and uncertainty for the entire family. While Defendant understands that his ongoing absence from his family is a result of his own conduct, the experience given the pandemic has exceeded the level of anxiety, fear and distress brought about by separation and punishment for a first-time criminal offender. It all adds significantly to the punishment experience of the confinement he has already served in this case.

The Court might also wish to consider the fact that Defendant will become eligible for additional good time credits and earned time credits that will effectively move him to ½ way house or home confinement very quickly if he were to receive a sentence of 21 months as recommended by United States Probation. Counsel should have more information by sentencing as to whether inmate transfers to the Bureau of Prisons has been restarted but as of April 2, 2020, all such transfers have been frozen. That would mean that Defendant would continue at CTF

until transfers are permitted. Considering the conditions at CTF, ongoing confinement there is not warranted nor ideal.

Regardless of the sentence he receives, Mr. Ozor will have to move forward after serving his sentence while bearing the ignominious label of felon. A sentence of time served, nearly one year, along with the label of convicted felon reflects the seriousness of the offense, provides respect for the law, just punishment and deterrence. Additionally, the manner in which the Defendant was arrested and held without release, enduring the health risks which he did certainly provides an additional level of punishment and deterrence.

### IV. SUPPORTING SUBMISSIONS

a)  USDOJ Inmate Progress Report dated 2/28/20

b)  Letter of Recommendation from Summit Food Service for Defendant's service while incarcerated dated 2/8/20

c)  Certificates of Programs (2) completed while incarcerated

d)  Character letters from Family and Friends (4)

### V. CONCLUSION

After consideration of the sentencing guidelines range as well as the six factors contained in 18 U.S.C. §3553(a), a slightly variant sentence which takes into account Mr. Ozor's favorable personal characteristics, and the extreme circumstances of his pretrial detention, followed by supervised release is appropriate in this case.

Respectfully submitted,

Richard A. Finci, Esquire
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
finci@houlonberman.com
Telephone: (301) 459-8200
Facsimile: (301) 459-5721

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of April, 2020, a copy of the foregoing Memorandum in Aid of Sentencing was served via the electronic filing system to Elizabeth Wright, Esquire United States Attorney's Office, 6406 Ivy Lane, Greenbelt, Maryland 20770.

Richard A. Finci, Esquire